ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| JUAN CARLOS FERNÁNDEZ RICHARDS, MIGUEL JOSÉ FERNÁNDEZ RICHARDS t/c/c MIGUEL JUAN JOSÉ FERNÁNDEZ RICHARDS t/c/c MIGUEL FERNÁNDEZ y MARY JANE RITA RICHARDS BERRÍOS FERNÁNDEZ t/c/c MARY JANE FERNÁNDEZ<br><br>Recurridos<br><br>JOSÉ ENRIQUE FERNÁNDEZ BJERG<br><br>Peticionario<br><br>Ex Parte | KLCE202500196 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Número: SJ2024RF00221<br><br>Sobre:<br><br>DECLARACIÓN DE INCAPACIDAD Y DESIGNACIÓN DE TUTOR |

Panel integrado por su presidenta, la jueza Brignoni Mártir, la jueza Álvarez Esnard y la jueza Prats Palerm.

**Brignoni Mártir, Juez Ponente**

### RESOLUCIÓN

En San Juan, Puerto Rico, a 28 de febrero de 2025.

Comparece ante nos, José Enrique Fernández Bjerg (en adelante "el peticionario"). A los fines de solicitar nuestra intervención para que dejemos sin efectos la "Orden" emitida y notificada el 26 de febrero de 2025, por el Tribunal de Primera Instancia, Sala Superior de San Juan. Todo, dentro de un caso sobre declaración de incapacidad y designación de tutor, incoado por el señor Juan C. Fernández Richards, el señor Miguel J. Fernández Richards y la señora Mary J. Richards Berríos (en lo sucesivo, "la parte recurrida").

Por los fundamentos que expondremos a continuación, **denegamos** la expedición del recurso presentado.

**I.**

La controversia ante nuestra consideración tiene su origen en la "Petición Jurada," presentada el 13 de febrero de 2024, por la parte recurrida. Mediante esta, solicitó que se declarara al peticionario incapaz

para administrar su persona y bienes. Fundamentó dicha petición, bajo el argumento de que el aquí peticionario padece de una condición neurológica degenerativa conocida como Alzheimer.

En reacción, el 11 de septiembre de 2024, el peticionario presentó "Contestación a Petición Jurada." En apretada síntesis, negó las alegaciones relacionadas a la aducida incapacidad. Sostuvo en la afirmativa, que no había incurrido en algún tipo de conducta que indicara que no podía manejar su persona o sus bienes.

Tras varios trámites procesales que no son pertinentes a la controversia ante nos, el 16 de septiembre de 2024, el foro recurrido señaló una vista evidenciara a celebrarse el día 4 de noviembre de 2024.[1] Sin embargo, luego de que el peticionario solicitara autorización para llevar a cabo unas deposiciones, el 15 de octubre de 2024, el foro recurrido notificó una "Orden." Mediante esta, reseñaló la vista evidenciara para el 9 de diciembre de 2024 con el propósito de tomar las referidas deposiciones el día 4 de noviembre de 2024.

Posteriormente, el 13 de noviembre de 2024, el foro recurrido notificó una nueva "Orden." Mediante esta, determinó lo siguiente:

> La próxima vista en este caso tiene el único propósito de determinar si existe controversia en torno a la capacidad del Sr. Fernández Bjerg para determinar si procede ordenar evaluaciones adicionales. Es una vista con un alcance limitado. Se le concede, al Sr. Fernández Bjerg, hasta el 26 de noviembre, para anunciar los testigos que utilizará en la vista, incluyendo un resumen de su testimonio. Las partes tendrán 10 días para coordinar las deposiciones que sean necesarias, si alguna. Se deja sin efecto la vista señalada para el 9 de diciembre de 2024. Se le conceden 3 días a las partes para informar fechas alternas coordinadas.

Así las cosas, el 18 de noviembre de 2024, la parte recurrida presentó "Moción en Cumplimiento Parcial de Orden." En esencia, informó que las partes habían identificado la fecha de 27 de febrero de 2025 para celebrar la vista sobre controversia de incapacidad (vista evidenciaria).

Tras evaluar la disponibilidad de las partes, el 5 de diciembre de 2024, el foro recurrido emitió una "Orden." Mediante esta, señaló una nueva

---

[1] Véase, "Minuta" de la "conferencia sobre el estado de los procedimientos," celebrada el 16 de septiembre de 2024. La "Minuta" fue notificada el 18 de septiembre de 2024.

fecha para la celebración de la vista evidenciaria, entiéndase, el 27 de febrero de 2025.

Restando siete días para la celebración de la vista, el 20 de febrero de 2025, el aquí peticionario, por conducto de sus abogados, presentó "Moción de Renuncia de Representación Legal." A través de esta, la representación legal del peticionario informó que éste les había solicitado que renunciaran al ejercicio de su representación legal. Además, comunicaron lo siguiente: "el Sr. Fernández nos anunció que ya tiene contratada nueva representación legal, por lo que se solicita un término de treinta (30) días para familiarizarse con el caso y tomar las medidas necesarias."

En atención a ello, el 24 de febrero de 2025, el foro recurrido emitió una "Orden." Mediante esta, concedió el relevo de representación legal solicitado y advirtió que mantendría inalterada la fecha del 27 de febrero de 2025 para la celebración de vista evidenciara.

En la misma fecha, el peticionario presentó "Moción Asumiendo Representación Legal y Urgente Solicitud de Término", y a su vez, reiteró la solicitud de término de treinta (30) días para revisar el expediente del caso previo a la celebración de la vista evidenciara.

En respuesta, el 25 de febrero de 2025, la parte recurrida presentó "Escrito en Oposición." En síntesis, aseveró que la vista evidenciaria originalmente estuvo señalada para el 4 de noviembre de 2024, pero se dejó sin efecto para ser celebrada el 9 de diciembre de 2024, fecha en la que tampoco se celebró. A su vez, sostuvo que la fecha actual de la vista, entiéndase el 27 de febrero de 2025, estuvo señalada desde el 5 de diciembre de 2024. Ante ello, alegó que no procedía la solitud de término adicional del recurrido para prepararse para la aludida vista.

Evaluados los argumentos de las partes, el 26 de febrero de 2025, el foro recurrido notificó la "Orden" que hoy nos ocupa. Mediante esta, determinó que "Se acepta representación legal. No ha lugar la suspensión de la vista."

En desacuerdo, el 27 de febrero de 2025, el peticionario presentó el recurso de *certiorari* de epígrafe. Mediante este, esbozó el siguiente señalamiento de error:

ERRÓ EL TPI AL DENEGAR LA SOLICITUD DEL RECURRENTE PARA QUE SE DEJARA SIN EFECTO LA VISTA EVIDENCIARA O, EN LA ALTERNATIVA, QUE SE CONVIRTIERA EN UNA SOBRE EL ESTADO DE LOS PROCEDIMIENTOS.

## II.

## Recurso de *Certiorari*:

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una decisión de un tribunal inferior. *Rivera et al v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *Orthopedics Prod. Of Puerto Rico, LLC v. Medshape, Inc.*, 207 DPR 994, 1004 (2021); Art. 670 del Código de Enjuiciamiento Civil de 1933, conocido como Ley de Recursos Extraordinarios, 32 LPRA sec. 3491. La característica distintiva del *certiorari* "se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". *Íd.* Ahora bien, el ejercicio de esta discreción no es absoluto. Por ello, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, establece una serie de instancias en las que los foros apelativos pueden ejercer su facultad revisora:

El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.

La Regla 40 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, delimita los criterios para la expedición de un auto de *certiorari.* Así pues, estas consideraciones "orientan la función del tribunal apelativo intermedio para ejercer sabiamente su facultad discrecional". *Rivera Gómez v. Arcos Dorados Puerto Rico*, supra. La aludida regla permite que el análisis del

foro apelativo intermedio no se efectúe en el vacío ni se aparte de otros parámetros al momento de considerar los asuntos planteados. *Banco Popular de Puerto Rico v. Gómez Alayón y otros*, 2023 TSPR 145; *Rivera Gómez v. Arcos Dorados Puerto Rico*, supra; *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 848 (2023); *800 Ponce de León v. American International*, 205 DPR 163, 176 (2020). De conformidad con lo anterior, la Regla 40, *supra*, dispone los siguientes criterios:

A.  Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B.  Si la situación de hechos planteada es la más indicada para el análisis del problema.

C.  Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D.  Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E.  Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F.  Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G.  Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B.

Los foros revisores no debemos intervenir en las determinaciones de hechos del tribunal de instancia, "salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad o incurrió en craso abuso de discreción o en error manifiesto. *Citibank v. ACBI,* 200 DPR 724, 736 (2018). Esta norma permite que el foro primario actúe conforme a su discreción judicial, que es la facultad que tiene "para resolver de una forma u otra, o de escoger entre varios cursos de acción". Id. pág. 735; *Graciani Rodríguez v. Garage Isla Verde, LLC*, 202 DPR 117, 132 (2019). El ejercicio esta discreción "está inexorable e indefectiblemente atado al concepto de la razonabilidad". *Íd.*; *Pueblo v. Hernández Villanueva*, 179 DPR 872, 890 (2010). Así pues, "la discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Íd.*; *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2016). No obstante, un tribunal incurre

en abuso de discreción cuando ignora sin fundamento un hecho material, concede demasiado peso a un hecho inmaterial, y fundamenta su determinación en ese hecho irrelevante, o cuando a pesar de examinar todos los hechos del caso hace un análisis liviano y la determinación resulta irrazonable. Id. pág. 736. En esos casos, los foros apelativos ostentamos la facultad discrecional para expedir el recurso de *certiorari* y ejercer nuestra función revisora.

**III.**

En el caso ante nuestra consideración, el peticionario recurre de una resolución interlocutoria en la que se le denegó una solicitud de término. Dicha solicitud iba dirigida a solicitar la transferencia de una vista evidenciara, la cual fue señalada desde el 5 de diciembre de 2024.

Tras evaluar la totalidad del expediente ante nuestra consideración, determinamos **denegar** la expedición del presente recurso de *certiorari*.

Es norma altamente reconocida que el tribunal de primera instancia tiene gran flexibilidad y discreción para manejar los asuntos ante su consideración. Véase, *Banco Popular de Puerto Rico v. Gómez Alayón y otros, supra*. Ante ello, los foros apelativos no intervendremos con el curso normal de los procedimientos que se estén dilucidando ante el tribunal de instancia, para evitar dilaciones innecesarias. A su vez, en recursos de naturaleza discrecional como el presente, nuestra facultad de intervención esta delimitada por la Regla 40, *supra.* Así pues, al evaluar el recurso de epígrafe, concluimos que no reúne los criterios necesarios para inclinar nuestra discreción a expedir el auto solicitado. La decisión recurrida está amparada dentro de las facultades de manejo de caso del foro primario y a su vez, no exhibe indicios de prejuicio, parcialidad y error manifiesto. Por lo cual, *denegamos* la expedición peticionada.

**IV.**

Por los fundamentos expuestos, denegamos la expedición del presente auto de *certiorari.*

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones